UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M. via G.A.L. RACHEL MENDOZA,<br><br>                                    Plaintiff,<br>v.<br>BOB'S DISCOUNT FURNITURE, LLC; ELEMENTS INTERNATIONAL GROUP, LLC; and DOES 1 to 100, inclusive,<br><br>                                    Defendants. | Case No.:  24-cv-01926-AJB-SBC<br><br>**ORDER DENYING MOVANTS' MOTION TO REMAND**<br><br>**(Doc. No. 28)** |
| BOB'S DISCOUNT FURNITURE, LLC<br><br>              Third-Party Plaintiff,<br>v.<br>ELEMENTS INTERNATIONAL GROUP, LLC, and ROES 1 to 100, inclusive,<br><br>              Third-Party Defendant. | |
| ELEMENTS INTERNATIONAL GROUP, LLC,<br><br>              Third-Party Plaintiff,<br>v. | |

1

| | |
|---|---|
| | RACHEL MENDOZA, ANGEL MENDOZA, LINDA THOMAS, and MOES 1 through 50, inclusive,<br><br>  Third-Party Defendants. |

Presently before the Court is Plaintiff/Counter-Defendant Rachel Mendoza and Third-Party Defendants Angel Mendoza and Linda Thomas' (collectively, "Movants") motion to remand. (Doc. No. 28.) Defendant/Cross-Claimant Bob's Discount Furniture ("Bob's Discount") filed an opposition. (Doc. No. 35.) The Court notes Movants' reply was due March 19, 2025. However, Movants have yet to file a reply. Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter is suitable for determination on the papers. Accordingly, the Court **VACATES** the hearing set for Thursday, April 10, 2025, at 2:00 p.m. For the reasons stated herein, the Court **DENIES** Movants' motion.

## I.  BACKGROUND

On September 10, 2024, J.M., by and through his guardian ad litem Rachel Mendoza, filed an action against Bob's Discount in the Superior Court of California for the County of San Diego, Case No. 24 CU010669C. (Doc. No. 1-2 at 2.) On October 17, 2024, Bob's Discount removed this case on the basis of diversity jurisdiction. (Doc. No. 1.) Thereafter, on November 7, 2024, Bob's Discount filed a third-party complaint against Elements International Group ("Elements"), a Texas limited liability company. (Doc. No. 6.) On December 19, 2024, Movants filed a First Amended Complaint ("FAC"), adding Elements as a defendant in this case. (Doc. No. 8.) On January 27, 2025, Elements filed a counterclaim/third-party complaint against Movants. (Doc. No. 17.) On February 25, 2025, Movants filed the instant motion to remand. (Doc. No. 28.) This Order follows.

## II.  LEGAL STANDARD

As courts of limited jurisdiction, federal courts may hear only those cases for which subject matter jurisdiction has been conferred either by Congress or by the Constitution. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Generally, removal of

2

a civil action to federal court is proper only if the district court would have original jurisdiction over the matter at the time of removal. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question or there is diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). A defendant may remove an action to federal court based on diversity jurisdiction "provided that no defendant 'is a citizen of the State in which such action is brought.'" *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." (citations omitted)). An individual is a citizen of the state where they are domiciled, meaning the state where the individual resides and intends to remain or to which the individual intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). The burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

### III. DISCUSSION

Bob's Discount's notice of removal asserts the amount in controversy exceeds $75,000 and there is complete diversity between itself and Movants. (*See generally* Doc. No. 1.) Regarding the latter point, Bob's Discount argues Movants are citizens of California and Bob's Discount is a limited liability company whose members are all citizens of the state of Connecticut. (*Id.* at 2–3.) In moving to remand, Movants argue complete diversity no longer exists because Elements filed a third-party complaint on

January 27, 2025, adding Movants as third-party defendants. (Doc. No. 28 at 1–2.) Movants assert that because they are both plaintiffs and third-party defendants in this case and they are from California, diversity no longer exists. (*Id.* at 2.) Bob's Discount responds that 28 U.S.C. § 1332's complete diversity requirement does not apply between plaintiffs and third-party defendants. (Doc. No. 35 at 3 (citing *Caterpillar*, 519 U.S. at 66 n.1).)

### A. Amount in Controversy

The parties do not dispute the amount in controversy. (*See generally* Doc. Nos. 1 (notice of removal asserting the amount in controversy to exceed $75,000); 28 (Movants' motion disputing only diversity of citizenship); 33 (Bob's Discount's opposition reasserting that the amount exceeds $75,000).) Bob's Discount has plausibly alleged that, pursuant to Movants' counsel's letter demanding $4.5 million in damages, the amount in controversy exceeds $75,000. (Doc. No. 1 at 3); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). As Movants do not contest, nor does the Court see a reason to question Bob's Discount's allegations, the Court finds Bob's Discount has sufficiently alleged the amount in controversy exceeds the required minimum threshold for diversity jurisdiction. *See id.* at 87 ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

### B. Citizenship

Movants argue complete diversity no longer exists due to Element's third-party complaint against Movants, who are citizens of California. (Doc. No. 28 at 1–2.) Bob's Discount asserts the complete diversity requirement does not apply between plaintiffs and third-party defendants because, pursuant to Federal Rule of Civil Procedure 14, a third-party defendant has no direct relation to a plaintiff's claims. (Doc. No. 35 at 3–4.)

"'It is well settled that a grant of jurisdiction over particular subject matter includes the power to adjudicate all matters ancillary to the particular subject matter' . . . regardless

of the absence of diversity of citizenship or of a federal question in the ancillary suit." *U. S. ex rel. Payne v. United Pac. Ins. Co.*, 472 F.2d 792, 793–94 (9th Cir. 1973) (quoting *Glens Falls Indem. Co. v. U. S. ex rel. Westinghouse Elec. Supply, Co.*, 229 F.2d 370, 373 (9th Cir. 1955)). "[A]ncillary means auxiliary, accessorial or subordinate, and [ ] third-party claims are ancillary if the claims arise out of the subject matter of the original action and involve the same persons and issues" or the same "transaction or occurrence." *Id.* at 794 (citing *Glens Falls*, 229 F.2d at 374, & *L&E Co. v. U. S. ex rel. Kaiser Gypsum Co.*, 351 F.2d 880, 882 (9th Cir. 1965)).

For example, in *Caterpillar*, the Supreme Court found that "[n]o dispute ran between" the plaintiff and the third-party defendant, and thus the defendant's third-party complaint against the third-party defendant "had no bearing on the authority of the federal court to adjudicate the diversity claims Lewis asserted against Caterpillar." 519 U.S. at 66 n.1 (citing *Wichita R.R. & Light Co. v. Public Util. Comm'n of Kan.*, 260 U.S. 48, 54 (1922) (federal jurisdiction once acquired on the ground of complete diversity of citizenship is unaffected by the subsequent intervention "of a party whose presence is not essential to a decision of the controversy between the original parties")). The Court went on to state:

> As elaborated in 3 J. Moore, Moore's Federal Practice ¶ 14.26, p. 14–116 (2d ed. 1996) (footnotes omitted): "Once federal subject matter jurisdiction is established over the underlying case between [plaintiff] and [defendant], the jurisdictional propriety of each additional claim is to be assessed individually. Thus, assuming that jurisdiction is based upon diversity of citizenship between [plaintiff] and [defendant], the question concerning impleader is whether there is a jurisdictional basis for the claim by [defendant] against [third-party defendant]. The fact that [plaintiff] and [third-party defendant] may be co-citizens is completely irrelevant. Unless [plaintiff] chooses to amend his complaint to assert a claim against [third-party defendant], [plaintiff] and [third-party defendant] are simply not adverse, and there need be no basis of jurisdiction between them."

*Id.*

Here, because Movants are not adverse to themselves and there is no dispute between Movants and the third-party defendants at issue (again, themselves), Elements' third-party

complaint against Movants has no bearing on this Court's authority to adjudicate the diversity claims Movants assert against Bob's Discount and Elements. Movants cite no case to the contrary, and the Court finds none. Thus, the Court holds that ancillary jurisdiction over the third-party complaint exists in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Movants' motion to remand.

**IT IS SO ORDERED.**

Dated: March 24, 2025

Hon. Anthony J. Battaglia
United States District Judge